IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOUIS FRANCIS,

    Plaintiff,                   No. CIV 09-0262 GEB GGH P

   vs.

JAMES TILTON, et al.,           <u>ORDER</u>

    Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Currently pending before the court is plaintiff's motion for a temporary restraining order (TRO) and for preliminary injunction, filed on July 24, 2009 (docket # 15), filed in conjunction with a motion to stay (dkt # 16). Also, pending and not yet submitted is defendants' July 15, 2009 (dkt # 14) motion to revoke plaintiff's in forma pauperis status as barred by the "three strikes" rule of 28 U.S.C. § 1915(g). Plaintiff's filings appear to be an effort at least in part to evade his responsibility to file a response to defendants' motion pursuant to § 1915(g). On the face of it, defendants' motion makes a prima facie showing, in light of apparent prior case dismissals, that plaintiff might be barred under § 1915(g) from proceeding in forma pauperis, especially in light of plaintiff's own express statement on the face of his complaint that "plaintiff is not asserting imminent danger at this time." Complaint, p. 4. This court will adjudicate all of

1

the pending motions once the time has expired for plaintiff to file an opposition to defendants' motion and defendants to file any reply, but will not permit plaintiff to simply make an end run around his obligation to respond to defendants' motion by first adjudicating his later filed motions. Moreover, the court's review of plaintiff's motions does not indicate that plaintiff has made on the face of it an adequate showing of his being subject to imminent injury at this time. In addition, his request for immediate injunctive relief appears to be moot in that in his complaint he alleges his life was under threat at High Desert State Prison, but court records indicate that he has been, and remains, housed at California Medical Facility in Vacaville at least since, and probably for some time prior to, the filing of this action. See Sample v. Borg, 870 F.2d 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986) (when an inmate seeks injunctive relief concerning an institution at which he is no longer incarcerated, his claims for such relief become moot). See also Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir. 1988).

Accordingly, IT IS ORDERED that upon the expiration of time for plaintiff to file his opposition to defendants' July 15, 2009 (dkt # 14), motion to revoke plaintiff's in forma pauperis status under 28 U.S.C. § 1915(g), and the time for defendants to reply to that motion, the court will adjudicate both defendants' and plaintiff's pending motions, as set forth herein.

DATED: August 5, 2009                /s/ Gregory G. Hollows
                                     _____
                                     UNITED STATES MAGISTRATE JUDGE

GGH:009
fran0262.ord

2