IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LOUIE FRANCIS, | | |
| | Plaintiff, | No. CIV S-09-0262 GEB GGH P |
| vs. | | |
| JAMES TILTON, et al., | | <u>ORDER AND</u> |
| | Defendants. | <u>FINDINGS & RECOMMENDATIONS</u> |
| _____ / | | |

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is the motion to revoke plaintiff's in forma pauperis status and for dismissal filed July 15, 2009, on behalf of defendants Bartos, Dangler, Gamberg and Tilton. On September 9, 2009, defendants Chrones and Grannis filed a motion to join this motion. Also pending is plaintiff's July 24, 2009, motion for a preliminary injunction. After carefully reviewing the record, the court recommends that defendants' motion be granted and plaintiff's motion be denied.

<u>Motion to Revoke In Forma Pauperis Status</u>

      This action is proceeding on the original complaint filed January 29, 2009. Plaintiff alleges that while housed at High Desert State Prison (HDSP) in 2006, 2007 and 2008, defendants Weeks, Bartos and Gamberg ordered several gang leaders to kill plaintiff in

retaliation for his filing of administrative grievances. Plaintiff also alleges that defendants destroyed his personal property. At the time he filed this action, plaintiff was housed at the California Medical Facility (CMF).

28 U.S.C. § 1915(g) provides,

> In no event shall a prisoner bring a civil action or appeal in a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Defendants argue that plaintiff has had at least three prior actions dismissed or otherwise rejected as frivolous, malicious or for failing to state a claim. Attached as an exhibit to defendants' motion is a copy of an order filed on July 10, 2000, in Francis v. Los Angeles County, CIV 00-2641 DT (CT), dismissing the action for failing to state a claim upon which relief may be granted. Defendants' Exhibit 3. Also attached is an order filed June 28, 2004, in Francis v. Alameida, CIV S-03-2586 GEB DAD P dismissing the action for failing to state a claim upon which relief may be granted. Defendants' Exhibit 4.

Finally, attached as an exhibit to defendants' motion is an order filed May 21, 2007, in Francis v. Bryant, et al., CIV 1:04-5077 LJO SMS P, dismissing the action as barred by the statute of limitations and for plaintiff's failure to exhaust administrative remedies. Defendants' Exhibit 5. The Ninth Circuit has not decided whether a dismissal for failure to exhaust administrative remedies constitutes a strike under § 1915(g). See O'Neal v. Price, 531 F.3d 1146, 1155 no. 9 (9th Cir. 2008). However, in Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910 (2007), the Supreme Court held that if the allegations are barred by the statute of limitations, the complaint is subject to dismissal for failure to state a claim. Accordingly, the court finds that CIV 1:04-5077 is a strike under 28 U.S.C. § 1915(g) because it was dismissed alternatively as barred by the statute of limitations.

\\\\\

In his opposition filed September 16, 2009, plaintiff does not seriously dispute that he has three prior strikes. Instead, plaintiff argues that he falls within the "imminent injury" exception to § 1915(g). "Under the PLRA,[1] prisoners who have three complaints dismissed under section 1915(e)(2) are barred from filing additional in forma pauperis complaints unless they are 'under imminent danger of serious physical injury.'" 28 U.S.C. § 1915(g). Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

As discussed above, the complaint alleges that plaintiff's life was in danger while he was housed at HDSP when defendants ordered gang members to kill plaintiff. At the time he filed this action, plaintiff was housed at CMF, where he is still housed. The complaint contains no allegations regarding threats to plaintiff's safety at CMF.

In the opposition, plaintiff suggests that there could be gang leaders at CMF willing to follow the orders of the HDSP defendants to kill him. Plaintiff argues that defendants' orders to have him killed still exist to this day. Plaintiff also argues that if he is transferred from CMF to HDSP, he will be in danger.

Plaintiff's complaint clearly challenges conditions at HDSP. He has not amended his complaint to include claims regarding threats to his safety at CMF. Plaintiff's suggestion that there may be gang leaders at CMF willing to carry out the orders of the HDSP defendants is speculative. For these reasons, the court does not find that plaintiff was under imminent danger of serious injury at the time he filed the complaint. His suggestion that he may be transferred back to HDSP is also speculative and unsupported.

Because plaintiff had three prior actions dismissed for failing to state a colorable claim for relief, defendants' motion to revoke plaintiff's in forma pauperis status should be

---

[1] Prison Litigation Reform Act of 1995 (PLRA), effective April 26, 1996.

granted.  Following adoption of these findings and recommendations, plaintiff will be granted an opportunity to pay the filing fee.  If plaintiff does not pay the filing fee, the court will recommend dismissal of this action.

Motion for Preliminary Injunction

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans, Inc. v. Selecky, ___ F.3d ___, 2009 WL 3448435 at *13 (9th Cir. Oct. 28, 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

In his July 24, 2009, motion for injunctive relief, plaintiff alleges that he believes that he will be transferred back to HDSP at any time in retaliation for filing the instant action.  Plaintiff also alleges that he has been retaliated against for pursuing the instant action while housed at CMF.

In particular, plaintiff alleges that on April 22, 2009, he submitted a 602 appeal after Correctional Officer Yassin caused him to fall backwards.  Within ten minutes of submitting the appeal, plaintiff alleges that he was told that he was being placed in administrative segregation (ad seg) pending an investigation.  Plaintiff was later taken to the Unit 1 Lieutenant's office where he was told that he was not being placed in ad seg.  Plaintiff was returned to his cell, which he discovered in a shamble because it had been searched.  Plaintiff discovered that his dictionary, Federal Rules of Civil Procedure, books and cosmetic items were missing.

\\\\\

In May 2009, plaintiff went to the B1 clinic where he met with Dr. Wieland who told him that there was no documentation in his medical file of his visual impairment that he would have to undergo an examination. Plaintiff told Dr. Wieland that his medical file contained verification of his disabilities. Plaintiff alleges that Dr. Wieland was retaliating against him for filing grievances.

Plaintiff also alleges that as of June 10, 2009, no employee of the California Department of Corrections and Rehabilitation (CDCR) has conducted an investigation of his claims regarding the threats to his safety at HDSP. Plaintiff alleges that the only prisons he can be housed at because of his disability are HDSP and CMF. Plaintiff alleges that he expects to be sent back to HDSP at any time in retaliation for the instant action.

Prisoners have a right to meaningful access to the courts, and prison authorities may not penalize or retaliate against an inmate for exercising this right. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995). A retaliation claim contains five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.2004).

In order to demonstrate retaliation, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

In the instant case, plaintiff has presented no facts demonstrating that the alleged retaliation was motivated by his litigation of the instant action. Plaintiff has not demonstrated that the threatened ad seg placement, cell search or alleged inadequate medical care was caused

by his legal activities.  Rather, he has presented mere conclusions of hypothetical retaliation.  In addition, he has presented no facts demonstrating that any prison official is actually considering transferring him back to HDSP.  Because plaintiff's allegations of retaliation are unsupported, his motion for injunctive relief should be denied.

<u>Remaining Matters</u>

On July 24, 2009, plaintiff filed a motion to stay disposition of defendants' motion to revoke his in forma pauperis status until the court rules on the pending motion for injunctive relief.  Because the court has ruled on both motions, the motion to stay is denied.

On September 8, 2009, plaintiff filed a motion seeking the information regarding the status of service of process.  Plaintiff requests information regarding whether his opposition to defendants' motion to revoke his in forma pauperis status filed July 15, 2009, applies to that motion only, or whether it applies to any other similar motions filed by other defendants.

The court considered plaintiff's opposition in connection with the July 15, 2009, motion to revoke and also the September 9, 2009, motion to join that motion.  If any other motions to revoke in forma pauperis status are filed, plaintiff must file separate oppositions addressing these motions; otherwise they will be deemed unopposed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to stay (no. 16) is denied;

2. Plaintiff's motion for service (no. 23) is deemed resolved for the reasons discussed above;

IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to revoke plaintiff's in forma pauperis status (no. 14 and 22) be granted; plaintiff be ordered to pay the filing fee within twenty-eight days of the adoption of these findings and recommendations;

2. Plaintiff's motion for injunctive relief (no. 15) be denied.

\\\\\

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 12/15/09

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

fran262.dis